UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     Citation Corporation, et al., | ) | Case No. 04-08130-TOM-11 |
| | ) | Chapter 11 |
|                        Debtors. | ) | Jointly Administered |
| | ) | |
| Citation Corporation and Castwell Products, Inc. | ) | |
|                        Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-00212 |
| | ) | |
| Menard, Inc., | ) | |
|                        Defendant. | ) | |

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION

      This matter is before the Court on the Motion for Reconsideration (the "Motion") (docket no. 44) filed by Citation Corporation and Castwell Products, Inc. (collectively, the "Debtors") and the Reply to Motion (the "Reply") (docket no. 45) filed by Menard, Inc. ("Menard"). This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G) and (O). The Court has considered the pleadings and the law and finds and concludes as follows.[1]

      The matter was originally heard on September 25, 2006 (the "Hearing"), after extensive briefing to the Court. Following the Hearing, on October 30, 2006, the Court entered its Order Granting in Part and Denying in Part Menard, Inc.'s Motion to Dissolve Injunction and Transfer

---

    [1]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

1

Venue and for Modification to the Post-Discharge Injunction (the "Order") (docket no. 42). After entry of the Order, the Debtors filed their Motion asking the Court to reconsider its ruling pursuant to Rule 59 of the Federal Rules of Civil Procedure, made applicable to the instant proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure. The relevant facts are not in dispute and the Court adopts its findings of fact as set forth in the Order. The Court is unable to determine from the Motion what relief the Debtors are seeking. To the extent the Debtors are seeking a determination by this Court of what, if any, post-confirmation liability exists as against the Debtors, this Court has already addressed this issue and will not revisit it. The Illinois Court[2] can determine post-confirmation liability as against the Debtors based on Illinois law, the Plan and the Confirmation Order. To the extent the Debtors are seeking a declaratory judgment as to what, if any, post-confirmation liability exists as against the Reorganized Debtor, a new and distinct entity, nothing has been filed against the Reorganized Debtor and the matter is not before the Court, as noted on the record at the Hearing. Accordingly, relief from this Court's prior Order is not warranted. This Court is confident that the Illinois Court, a federal district court with more expansive jurisdiction than this Court, is more than capable to rule on the Illinois Action, and claims relating thereto, and on the Menard Claim and related objection filed by the Debtors. The Court therefore reaffirms its prior Order in all respects.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Order.

Based on the foregoing, is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion is **DENIED.**

Dated this the 19th day of December, 2006.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

3